2012 UT App 38

**Ray L. KIMBER, Plaintiff and Appellant,**

v.

**HEREFORDSHIRE CONDOMINIUM AS-SOCIATION, a Utah non-profit corporation; C. Brent Greenwood, president, Board of Directors; Jerry L. Walters, director; Lafayette Ernest "Bud" Carnahan, director; Janice White Carnahan, secretary; L. Douglas Zollinger, director; and G. James Petteys, director; Defendants and Appellees.**

No. 20111076–CA.

Court of Appeals of Utah.

Feb. 16, 2012.

John M. Webster and Matthew A. Bartlett, Riverdale, for Appellant.

Before Judges ORME, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Ray L. Kimber seeks to appeal the trial court's order dismissing his complaint. This matter is before the court on its own motion for summary disposition based on a lack of jurisdiction due to the absence of a final order.

¶ 2 Generally, an appeal may be taken only from a final order or judgment. *See* Utah R.App. P. 3(a); *Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. For an order to be final, it must dispose of the subject matter of the case, leaving nothing else for decision. *See Bradbury,* 2000 UT 50, ¶ 9, 5 P.3d 649. "A judgment is not final if the trial court has failed to determine whether attorney fees should be awarded." *Loffredo v. Holt,* 2001 UT 97, ¶ 12, 37 P.3d 1070. An appeal is improper if not taken from a final order or judgment. *See Bradbury,* 2000 UT 50, ¶ 9, 5 P.3d 649. Where an appeal is not properly taken, this court lacks jurisdiction and must dismiss it. *See id.* ¶ 8.

¶ 3 In this case, the trial court granted Appellees' motion to dismiss Kimber's complaint but specifically reserved the determination of attorney fees for a later hearing. As a result, the order is not final for purposes of appeal. *See Loffredo,* 2001 UT 97, ¶ 12, 37 P.3d 1070. In the absence of a final appealable order, this court lacks jurisdiction and must dismiss the case. *See id.* ¶ 11.

¶ 4 Accordingly, this appeal is dismissed without prejudice to the timely filing of a notice of appeal after the entry of a final order.